IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

JANE DOE,                                               HON.  Robert J. Jonker

     Plaintiff,

v.                                                               Case No. 1:10-cv-895

CARL J. GABRIELSE,
in his personal and official capacity,
and CITY OF HOLLAND

     Defendants,

_____/

## DEFENDANT CARL J. GABRIELSE'S ANSWER AND AFFIRMATIVE DEFENSES

| | |
|---|---|
| Joel W. Baar (P56796)<br>**Bolhouse Vander Hulst Risko Baar &**<br>**Lefere PC**<br>Co-Counsel for Plaintiff<br>3996 Chicago Dr SW<br>Grandville, MI  49418<br>(616) 531-7711 | J. Terrance Dillon (P23404)<br>Michael P. Farrell (P57321)<br>**MYERS NELSON DILLON &**<br>**SHIERK, PLLC**<br>Attorneys for Carl J. Gabrielse<br>125 Ottawa Avenue, NW; Suite 270<br>Grand Rapids, MI 49506<br>(616) 233-9640 |
| John A. Smietanka (P20610)<br>**Smietanka Buckleitner Steffes & Gezon**<br>Co-Counsel for Plaintiff<br>4250 Chicago Dr SW Ste B<br>Grandville, MI  49418<br>(616) 667-2217 | G. Gus Morris (P32960)<br>**McGraw Morris PC**<br>Attorney for City of Holland<br>2075 W Big Beaver Rd Ste 750<br>Troy, MI  48084<br>(248) 502-4000 |

     Defendant Carl J. Gabrielse submits his answer to the Complaint and Jury Demand and states as follows:

### JURISDICTION, VENUE AND PARTIES

    1.     This action arises under 42 U.S.C. §1983.

Answer:       Defendant Gabrielse admits that plaintiff has claimed a right to recover under 42 U.S.C. § 1983. Defendant Gabrielse denies plaintiff is entitled to recover under 42 U.S.C. § 1983 or any other theory.

2.       This court has jurisdiction pursuant to 28 U.S.C. §§ 1343(3) and (4).

Answer:       Defendant Gabrielse admits that plaintiff has claimed a right to relief under federal statutes.

3.       Venue lies in the Western District of Michigan pursuant to 28 U.S.C. §1391(b) as the judicial district where Defendants reside and where a substantial part of the events giving rise to this cause of action occurred.

Answer:       Admitted.

4.       Plaintiff a/k/a Jane Doe ("Plaintiff") is a resident of the County of Ottawa, State of Michigan.

Answer:       Upon information and belief, admitted.

5.       Defendant Carl J. Gabrielse ("Gabrielse") is a resident of the City of Holland, Country of Ottawa, State of Michigan, and at all material times was employed by the City of Holland as a Deputy City Attorney.

Answer:       Defendant Gabrielse denies that he is a resident of the City of Holland or that he was employed by the City of Holland for the reason that it is untrue. In further answer, Defendant Gabrielse states that he was employed by the law firm Cunningham Dalman, P.C. Defendant Gabrielse further states that as part of his employment with Cunningham Dalman, he did from time to time serve as a Deputy City Attorney for the City of Holland, a client of Cunningham Dalman, P.C.

6.       When the events alleged in this complaint occurred, Gabrielse was acting within the scope of his employment and under color of law.

2

Answer:     Defendant Gabrielse denies that the allegations in the complaint occurred as alleged. Defendant Gabrielse's responses to the plaintiff's specific allegations are set forth in the numbered paragraphs below.

7.     At all material times, Defendant City of Holland employed Gabrielse as Deputy City Attorney and is liable for his acts. The City is also liable because of its policies, practices, and customs, which lead to this complaint.

Answer:     Defendant Gabrielse denies that he was employed by the City of Holland.

8.     The acts and occurrences which form the basis of this complaint occurred in the City of Holland, Michigan, making jurisdiction appropriate.

Answer:     Defendant Gabrielse admits that plaintiff has alleged that various acts and occurrences occurred in the City of Holland. Defendant Gabrielse's responses to the plaintiff's specific allegations are set forth in the numbered paragraphs below.

## FACTUAL BACKGROUND

9.     Plaintiff incorporates the previous paragraphs by reference as though fully reinstated herein.

Answer:     Defendant Gabrielse incorporates his responses to paragraphs 1 through 8 as if fully restated here.

10.     On November 3, 2009, Plaintiff went to the Ottawa County Court House in the City of Holland for an initial court hearing regarding a charge of operating while intoxicated.

Answer:     Upon information and belief, admitted.

11.     Plaintiff appeared before the Judge and pled not guilty to the charges.  The Judge then told Plaintiff to wait outside the courtroom for the City Prosecutor to contact her.

Answer:     Upon information and belief, admitted.

12.     Plaintiff waited outside the courtroom until Gabrielse called Plaintiff into a conference room and identified himself by stating: "I am the City Prosecutor and I'm representing the City of Holland."

Answer:     Upon information and belief, Defendant Gabrielse admits that plaintiff waited outside the courtroom.  Defendant Gabrielse admits that he introduced himself to plaintiff and informed her that he was a Deputy City Attorney and was not her attorney.

13.     Plaintiff spoke with Gabrielse for a period of time regarding possible reduction of the charge.

Answer:     Defendant Gabrielse admits that he spoke with plaintiff about the charge against her and that plaintiff repeatedly stated she would do anything to reduce the charge.  Defendant Gabrielse denies that he raised the possibility of reducing the charge against plaintiff for the reason that it is untrue.

14.     Gabrielse repeatedly asked Plaintiff what she would be willing to do to reduce her charge.

Answer:     Denied as untrue.

15.     Plaintiff continually indicated that she would do anything to reduce the charge.  She specifically indicated that she would be willing to do community service to get the charge reduced.  Plaintiff never understood or believed Gabrielse would force sex in exchange for a reduced charge.

4

Answer:     Defendant Gabrielse admits that plaintiff continually indicated that she would do anything to reduce the charge against her. Defendant denies that plaintiff suggested that she would do community service to reduce the charge for the reason that it is untrue. Defendant Gabrielse further denies that he forced plaintiff to engage in sex for the reason that it is untrue.

16.     Gabrielse suggested that they go to another room to further discuss a reduction of her charge.

Answer:     Denied as untrue.

17.     Gabrielse took Plaintiff into the Jury Room and directed her into the bathroom.

Answer:     Defendant Gabrielse admits that he and plaintiff went into a bathroom connected to the Jury Room.

18.     Gabrielse followed Plaintiff into the bathroom and initiated sexual contact with Plaintiff. Plaintiff did not consent to the sexual act and was forced by Gabrielse, acting in his official capacity as the City Prosecutor, to engage in sexual intercourse.

Answer:     Defendant Gabrielse admits that he entered the bathroom after the plaintiff had gone inside. The remaining allegations of paragraph 18 are denied as untrue

19.     Gabrielse indicated he was "going all the way."

Answer:     Denied as untrue.

20.     Gabrielse then continued to sexually assault Plaintiff.

Answer:     Denied as untrue.

21.     After leaving the Courthouse, Plaintiff immediately went to the Lakeshore Pregnancy Center to request assistance.

Answer:     Upon information and belief, Defendant Gabrielse admits that plaintiff at some point went to the Lakeshore Pregnancy Center.

22.     Thereafter, Plaintiff reported the incident to the police.

Answer:     Upon information and belief, Defendant Gabrielse admits that plaintiff filed a police report.

23.     Gabrielse was subsequently charged by the Ottawa County Prosecutor's Office with two felonies: (1) Criminal Sexual Conduct – Third Degree; and (2) Misconduct in Office.

Answer:     Admitted.

24.     Gabrielse pleaded guilty to the charges and was sentenced to jail through the Ottawa County Circuit Court.

Answer:     Defendant Gabrielse admits that he entered into a plea agreement related to the charges against him. The plea agreement and transcript of the sentencing hearing set forth the substance of Defendant Gabrielse's plea.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983 (CARL GABRIELSE)**

25.     Plaintiff incorporates the previous paragraphs by reference as though fully restated herein.

Answer:     Defendant Gabrielse incorporates his responses to paragraphs 1 through 24 as if fully restated here.

26.     Plaintiff's constitutionally protected rights that Gabrielse violated include the following:

        a.     Plaintiff's right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and the right to medical care and protection

        b.     Plaintiff's right to procedural due process and the fair administration of justice to all who become involved in the criminal justice system

        c.     Plaintiff's right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

        d.     Plaintiff's right to not be imposed with a cruel or unusual punishment, as prohibited by the Eighth Amendment.

Answer:     Denied as untrue.

27.     Gabrielse, acted under color of state law, used his position of authority as City Attorney to sexually assault Plaintiff.  As a City Attorney, Gabrielse had an affirmative duty to secure for Plaintiff the constitutionally protected rights identified above.

Answer:     Denied as untrue.

28.     As Deputy City Attorney, Gabrielse swore and affirmed to support the Constitution of the United States and faithfully discharge the duties of his office to the best of his ability.

Answer:     Defendant Gabrielse admits that he took an oath upon being appointed a Deputy City Attorney.

29.     Gabrielse, acting under color of state law, by his conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, his actions showed deliberate indifference to Plaintiff's safety and freedom and was a deprivation of Plaintiff's constitutionally protected rights.

Answer:     Denied as untrue.

30.     Gabrielse's actions were done with knowing disregard of an excessive risk to Plaintiff's health or well-being.

Answer:     Denied as untrue.

31.     As a direct and proximate result of Gabrielse's conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

Answer:     Denied as untrue.

32.     Gabrielse's decision to sexually assault Plaintiff in exchange for a lower charge violated Plaintiff's constitutionally protected Eight Amendment rights by exhibiting deliberate indifference to Plaintiff's rights.

Answer:     Denied as untrue.

33.     Gabrielse's decision to sexually assault Plaintiff in exchange for a reduced charge showed deliberate indifference to the serious needs of Plaintiff. This violated her constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

Answer:     Denied as untrue.

34.     As a direct and proximate result of City of Holland's actions, policies, practices and customs Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights as described above.

Answer:        Denied as untrue.


## COUNT II
## VIOLATION OF 42 U.S.C. § 1983 (CITY OF HOLLAND)

35.      Plaintiff incorporates the previous paragraphs by reference as though fully restated herein.

Answer:        Defendant Gabrielse incorporates his responses to paragraphs 1 through 34 as if fully restated here.

36.      As City Attorney for the City of Holland, Gabrielse's acts and edicts may be attributed to the City of Holland.

Answer:        Defendant Gabrielse denies he was the City Attorney for the City of Holland.

37.      Gabrielse possessed final authority to establish City of Holland policy with respect to the plea bargains offered to individuals such as Plaintiff.

Answer:        Denied as untrue.

38.      The City of Holland delegated final authority to its City Attorney, Gabrielse, to negotiate reduced plea bargains.

Answer:        Defendant Gabrielse admits that he negotiated plea bargains in accordance with training he received.

39.      Gabrielse was not required to seek permission or approval from any higher authority in order to negotiate and accept plea bargains.  Indeed, Gabrielse was the final authority in this regard.

Answer:        Defendant Gabrielse admits that he was not required to seek approval of specific plea bargains.

40.     Gabrielse implemented and executed City of Holland's policy or custom. Gabrielse's edicts and acts may fairly be said to represent official policy of the City of Holland.  Indeed, Gabrielse held himself as "City Prosecutor".

Answer:     Defendant Gabrielse admits that he represented the City of Holland, which was a client of Cunningham Dalman, and that, during that representation, he acted as and held himself out to be a Deputy City Attorney.

41.     Defendant City of Holland, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

Answer:     Denied as untrue.

42.     As a direct and proximate result of City of Holland's actions, policies, practices and customs Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights as described above.

Answer:     Denied as untrue.


## COUNT III
## ASSAULT AND BATTERY (CARL GABRIELSE)

43.     Plaintiff incorporates the previous paragraphs by reference as though fully restated herein.

Answer:     Defendant Gabrielse incorporates his responses to paragraphs 1 through 42 as if fully restated here.

44.     On November 3, 2009, Plaintiff was lawfully on the premises of the 58th District Court in Holland, Michigan.

Answer:      Admitted.

45.      At that time and place, Gabrielse made an intentional and unlawful threat to do bodily injury to Plaintiff by sexually assaulting Plaintiff.

Answer:      Denied as untrue.

46.      The threat to Plaintiff was made under circumstances that created a well-founded fear of imminent peril.

Answer:      Denied as untrue.

47.      Gabrielse had the apparent ability to carry out the act if not prevented.

Answer:      Denied as untrue.

48.      The act was not prevented, and Gabrielse willfully and intentionally sexually assaulted Plaintiff.

Answer:      Denied as untrue.

49.      As a direct and proximate result of Gabrielse's assault and battery of Plaintiff, Plaintiff has suffered injury and damage, past, present and future, including the following:

   a.   Pain, suffering, and emotional distress;

   b.   Humiliation, mortification, and embarrassment;

   c.   Medical expense;

   d.   Economic loss;

   e.   Other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

Answer:      Denied as untrue.

50.     As a direct and proximate result of the assault and battery, Plaintiff has suffered a loss of society and companionship.

Answer:     Denied as untrue.

## COUNT IV
## FALSE IMPRISONMENT (CARL GABRIELSE)

51.     Plaintiff incorporates the previous paragraphs by reference as though fully restated herein.

Answer:     Defendant Gabrielse incorporates his responses to paragraphs 1 through 50 as if fully restated here.

52.     On November 3, 2009 Plaintiff was lawfully on the premises of the 58th District Court in Holland, Michigan.

Answer:     Admitted.

53.     At that time and place, Gabrielse coerced Plaintiff into a locked bathroom.

Answer:     Denied as untrue.

54.     Gabrielse physically restrained Plaintiff and deprived her of her personal liberty and freedom of movement for a period of time, all with the intention of confining her.

Answer:     Denied as untrue.

55.     Plaintiff was conscious of her confinement at all times relevant hereto.

Answer:     Denied as untrue.

56.     Gabrielse's actions directly resulted in the actual confinement of the Plaintiff.

Answer:     Denied as untrue.

57.     The imprisonment and restraint were against Plaintiff's will.

12

Answer:         Denied as untrue.

58.     Gabrielse accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

Answer:         Denied as untrue.

59.     As a direct and proximate result of Gabrielse's false imprisonment and detention, Plaintiff has suffered injury and damages including the following:

          a.  Pain, suffering, and emotional distress;

          b.  Injuries to her reputation leading to pecuniary loss;

          c.  Humiliation, mortification, and embarrassment;

          d.  Economic loss;

          e.  Other injuries or damages that are found to be related to the occurrence that appears of manifest themselves during the course of discovery and trial.

Answer:         Denied as untrue.

60.     As a direct and proximate result of the assault and battery, Plaintiff has suffered a loss of society and companionship.

Answer:         Denied as untrue.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CARL GABRIELSE)

61.     Plaintiff incorporates the previous paragraphs by reference as though fully restated herein.

Answer:      Defendant Gabrielse incorporates his responses to paragraphs 1 through 60 as if fully restated here.

62.      Gabrielse's conduct, as outlined above, was intentional.

Answer:      Defendant Gabrielse denies that the plaintiff's complaint accurately sets forth his conduct or that of the plaintiff.

63.      Gabrielse's conduct was so outrageous and extreme that it went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

Answer:      Defendant Gabrielse denies that the plaintiff's complaint accurately sets forth his conduct or that of the plaintiff.

64.      Gabrielse's conduct was for an ulterior motive or purpose.

Answer:      Defendant Gabrielse denies that the plaintiff's complaint accurately sets forth his conduct or that of the plaintiff.

65.      Gabrielse's conduct resulted in severe and serious emotional distress.

Answer:      Defendant Gabrielse denies that the plaintiff's complaint accurately sets forth his conduct or that of the plaintiff.

66.      As a direct and proximate result of Gabrielse's intentional infliction of emotional distress of Plaintiff, Plaintiff has suffered injury and damage, past, present and future, including the following:

    f.   Pain, suffering, and emotional distress;

    g.   Humiliation, mortification, and embarrassment;

    h.   Medical expense;

    i.   Economic loss;

           j.    Other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

Answer:      Defendant Gabrielse denies that he is liable for intentional infliction of emotional distress.

      67.    As a direct and proximate result of the intentional infliction of emotional distress, Plaintiff has suffered a loss of society and companionship.

Answer:      Defendant Gabrielse denies that he is liable for intentional infliction of emotional distress.

      WHEREFORE, Defendant Carl Gabrielse requests that this Court enter judgment in his favor and dismiss the plaintiff's Complaint in its entirety.

## AFFIRMATIVE DEFENSES

Defendant Gabrielse states the following affirmative defenses:

1. Plaintiff's claims are barred by her consent.

2. Plaintiff's claims are barred by her own intentional conduct.

3. Plaintiff's claims are barred by her own wrongful conduct.

4. Plaintiff's claims are barred by waiver and estoppel.

5. Defendant Gabrielse reserves that right to plead other affirmative defenses.


Respectfully Submitted,


  /s/ Michael P. Farrell
J. Terrance Dillon (P23404)
Michael P. Farrell (P57321)
**MYERS NELSON DILLON &
SHIERK, PLLC**
Attorneys for Carl J. Gabrielse
125 Ottawa Avenue, NW; Suite 27
Grand Rapids, MI 49506
mfarrell@mnds-pllc.com
October 13, 2010                    (616) 233-9640

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I caused a copy of the

foregoing **DEFENDANT CARL J. GABRIELSE'S ANSWER AND AFFIRMATIVE**

**DEFENSES** to be served on this 14th day of October, 2010 via the Court's ECF/PACER

system to:

      Joel W. Baar
      Bolhouse Vander Hulst Risko & Baar PC
      3996 Chicago Dr., SW
      Grandville, MI 49418-1384
      (616) 531-7711

      John A. Smietanka
      Smietanka, Buckleitner, Steffes & Gezon
      4250 Chicago Dr., SW, Ste. B
      Grandville, MI 49418
      (616) 667-2217

      G. Gus Morris
      McGraw Morris PC
      2075 W. Big Beaver Rd., Ste. 750
      Troy, MI 48084
      (248) 502-4000

                                    /s/ Michael P. Farrell