UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

v.

CARL J. GABRIELSE,
in his personal and official capacity,
and CITY OF HOLLAND,

        Defendants.

                                      /

Case No. 1:10-CV-895

HON. ROBERT J. JONKER

**ORDER**

      Before the Court is Plaintiff's response (docket # 6) to the Court's order to show cause why the matter should not be dismissed for lack of jurisdiction (docket # 2). Plaintiff filed the action under a pseudonym and without naming any Plaintiff. After reviewing Plaintiff's papers, the Court finds that Plaintiff has failed to satisfy the high burden necessary for permission to proceed under a pseudonym. If Plaintiff wishes to proceed with the case, she will need to amend her complaint and disclose her true identity. The Court will give Plaintiff twenty-one (21) days to do so. In the absence of such an amendment, the Court will dismiss the action without prejudice.

      Generally, the complaint must state the names of all parties. FED. R. CIV. P. 10(a). Permission to proceed under a pseudonym is granted only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. Jan. 3, 2005) (unpublished opinion). "Basic fairness requires that where a plaintiff makes . . . accusations publicly, he should stand behind

those accusations, and the defendants should be able to defend themselves publicly." *Doe v. Wolowitz*, 2002 WL 1310614 (E.D. Mich., May 28, 2002). Courts customarily consider a number of non-exhaustive factors when determining whether to permit anonymous pleadings, including

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). A court must determine, in light of these factors, whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id*.

In this case, the factors do not weigh in favor of Plaintiff's request. Plaintiff is not compelled to disclose an intention to violate the law, and she is not a child. Moreover, even though Plaintiff is suing under § 1983 and therefore premising her claim on actions allegedly taken under color of state law, Plaintiff's claim is not directly challenging an ongoing governmental course of conduct implemented by persons still in a position to act against her if her identity is disclosed. Instead, she is seeking damages for a past event – one that has already led to a criminal conviction against the individual defendant. The Court recognizes that the nature of the case will require Plaintiff to identify herself with and contest matters of utmost intimacy because her claim is that the individual defendant forcibly raped her, and because Defendants deny at least some portions of Plaintiff's account. The emotional toll may be both real and significant, as it often is for any litigant in such matters. Yet the fact remains that Plaintiff is seeking compensatory and punitive money damages – justly so if she sustains her case – and in the process has transformed her position from being solely a victim in a criminal case to also being a plaintiff in this civil action. Despite the understandable

difficulty for Plaintiff of proceeding with the claim in her own name, her privacy interests here are not sufficient to dispense with the normal rules against proceeding under a pseudonym. *See Doe v. Wolowitz*, 2002 WL 1310614 at *2.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff may within twenty-one (21) days file an amended complaint disclosing her true identity. In the absence of such a filing, the Court will dismiss the action without prejudice.

                                                  /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 5, 2010