IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| SARAH THURMAN<br><br>    Plaintiff,<br><br>v.<br><br>CARL J. GABRIELSE,<br>in his personal and official capacity,<br>and CITY OF HOLLAND,<br><br>    Defendants.<br>_____/ | HON. ROBERT J. JONKER<br>Untied States District Court Judge<br><br>Case No. 1:10-cv-895 |

| | |
|---|---|
| Joel W. Baar (P56796)<br>Bolhouse, VanderHulst, Risko,<br>   Baar, & Lefere, P.C.<br>Co-Counsel for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Dr. SW<br>Grandville, MI 49418<br>(616) 531-7711<br>joelb@bolhouselaw.com | J. Terrance Dillon (P23404)<br>Michael P. Farrell (P57321)<br>Myers, Nelson, Dillon & Shierk, PLLC<br>Attorneys for Carl J. Gabrielse<br>125 Ottawa NW, Suite 270<br>Grand Rapids, MI 49506<br>(616) 233-9640 |
| John A. Smietanka (P20610)<br>Smietanka, Buckleitner, Steffes & Gezon<br>Co-Counsel for Plaintiff<br>4250 Chicago Drive SW, Suite B<br>Grandville, MI 49418<br>(616) 667-2217<br>jas@smietankalaw.com<br>_____/ | G. Gus Morris (P322960)<br>McGraw Morris P.C.<br>Attorney for the City of Holland<br>2075 W. Big Beaver Road, Suite 750<br>Troy, MI 48084<br>(248) 502-4000 |

**JOINT STATUS REPORT PURSUANT TO ORDER SETTING**
**RULE 16 SCHEDULING CONFERENCE (DOC. NO. 9)**

      On Friday, November 12, 2010, and again on Tuesday, November 16, 2010, the parties held a telephonic conference to discuss the subject matter of this joint report. Joel W. Baar and John Smietanka participated as counsel for Plaintiff.  Terry Dillon and Michael P. Farrell

1

participated as counsel for Defendant Carl Gabrielse. Gus Morris participated as counsel for Defendant City of Holland.

A Rule 16 Scheduling Conference is scheduled for November 30, 2010 before the Hon. Robert J. Jonker. Appearing for the parties will be Mr. Baar as co-counsel for Plaintiff, Mr. Tom Gezon[1] as co-counsel for Plaintiff, Mr. Dillon and/or Mr. Farrell for Defendant Gabrielse, and Mr. Morris for Defendant City of Holland.

Pursuant to Paragraph 4 of the Court's Order Setting Rule 16 Scheduling Conference, the parties report as follow:

1. **Jurisdiction**. The basis for the Court's jurisdiction is 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(4) (federal question). There are pendent state law claims.

2. **Jury or Non-Jury**. This case is to be tried before a jury.

3. **Judicial Availability**. The Parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Geographic Transfer:** The Parties agree that no geographic transfer is required in this case.

5. **Statement of the Case**:

   A. *Plaintiff's Statement of the Case.* While acting as the Deputy City Attorney for the City of Holland, Defendant Gabrielse raped Plaintiff in the jury room bathroom of the Holland District Court. Gabrielse was arrested and charged with criminal sexual conduct, third degree, and misconduct in office. Gabrielse pled guilty as charged, and spent several months in the Ottawa County jail. His liability is clear, and his statement of the case is contradicted by his own guilty plea.

   With respect to the City of Holland, Gabrielse was the final policymaker clothed with the authority delegated by the City of Holland. Pursuant to the final authority delegated to him, Gabrielse decided what the terms of a plea agreement would be. Sadly, it resulted in the rape of Plaintiff by a public official in the confines of a jury room bathroom.

   B. *Defendant City of Holland's Statement of the Case.*

   The Defendant, City of Holland, contends that it has no legal responsibility under 42 USC § 1983 for the alleged acts of Mr. Gabrielse. There is no

---

[1] Mr. Gezon is a law partner of Mr. Smietanka. Mr. Smietanka is unable to attend the Rule 16 conference due to a prior engagement out of the country.

*respondeat superior* liability under § 1983, so his status as "Deputy City Attorney" is irrelevant. Further, Mr. Gabrielse cannot be considered a final policymaker for the City because his discretion as an Assistant Prosecutor was subject to specific guidelines provided to him by the City Attorney and the City itself. This discretion was also subject to approval/consent from the arresting officer. It was also subject to approval on motion by the District Judge.

Mr. Gabrielse's alleged actions clearly were secret, unlawful and deviated from the guidelines he was given. He was given discretion to act in a certain way by the City, and he apparently decided to act differently; that is not policymaking.

C. *Defendant Carl Gabrielse's Statement of the Case.*

On November 3, 2009, Defendant Gabrielse was employed as an associate with the law firm of Cunningham Dalman, PC. Defendant, City of Holland, was a client of Cunningham Dalman, and, as a part of his employment, Mr. Gabrielse was deputized to, and did from time to time, act as a Deputy City Attorney.

On the morning of November 3, 2009, Mr. Gabrielse was at the Holland District Courthouse conducting pre-trial conferences in criminal cases. On that date, Plaintiff appeared for an initial appearance on a charge of drunk driving. After entering her initial plea, Plaintiff met with Mr. Gabrielse for a pre-trial conference. During that conference, Plaintiff repeatedly requested that the charge against her be reduced. She proceeded to inform Mr. Gabrielse that she was willing to exchange sexual favors for a reduction in her charge. After confirming that he understood Plaintiff's intention, Mr. Gabrielse accepted her offer to engage in sexual intercourse in exchange for a reduction in the charges against her. Plaintiff and Mr. Gabrielse then went together to a bathroom connected to a jury room and engaged in consensual sexual intercourse.

Mr. Gabrielse denies any and all allegations that he sexually assaulted Plaintiff and any allegation that she was not a willing participant in, and in fact the party who proposed, the agreement to exchange sexual favors for a reduction in the charges against her.

6. **Joinder of Parties and Amendment of Pleadings** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 15, 2010. It is anticipated that a Third-Party Defendant may be added to this case, which may require a 2nd Rule 16 Conference.

7. **Disclosures and Exchanges.**

  (i) Fed. R. Civ. P. 26(a)(1) disclosures: shall be made by Plaintiff on/before December 30, 2010 and by Defendants on/before January 30, 2011.

  (ii) Fed. R. Civ. P. 26(a)(2) disclosures: shall be made by Plaintiff on/before February 1, 2011 and by Defendants on/before March 1, 2011.

3

    (iii)    Fed. R. Civ. P. 26(a)(3) disclosures: shall be made by Plaintiff on/before 30 days before the trial date and by Defendants on/before 30 days before the trial date.

    (iv)    The parties have agreed to make available the following documents without the need of a formal request for production:

        a. From Plaintiff to Defendant by: December 15, 2010 (describe documents).

            1. All documents received from the Ottawa County Prosecutor.
            2. Documents from *People v Gabrielse*.

        b. From Defendants to Plaintiff by: January 15, 2011 (describe documents).

            1. All civil and criminal litigation will be identified, and other discovery, if any, to be disclosed voluntarily.

    (v)    Initial disclosure of potential lay witnesses: shall be made by Plaintiff on/before April 1, 2011 and by Defendants on/before April 15, 2011

    8.    **Discovery**. The parties believe that all non-expert discovery proceedings can be completed by June 15, 2011, and all expert discovery by July 15, 2011. While the parties agree that discovery need not occur in phases, the parties recommend the following discovery plan for the purposes of establishing case management deadlines:

    a. The parties shall exchange Rule 26 initial disclosures on the schedule set forth in paragraph 8 above.

    b. The parties shall exchange written discovery requests on/or before February 1, 2011. The parties believe that the presumptive limit on interrogatories of 25 should apply.

    c. Following the exchange of written discovery, the parties will take oral discovery via deposition. The parties do not believe that the presumptive limitations on the number of depositions should apply. Non-expert oral discovery shall be completed by June 15, 2011.

    d. Following oral discovery, the parties shall file expert reports. Plaintiff's expert report shall be filed on/or before April 15, 2011. Defendants' expert report shall be filed on/or before May 15, 2011. Plaintiff shall file a rebuttal expert report on/or before June 1, 2011. Defendant shall file a rebuttal expert report on/or before June 15, 2011. All expert reports shall be supplemented at least 30 days prior to trial. All expert depositions shall occur following the production of a report from the expert, with Plaintiff's expert being deposed first and Defendants' experts thereafter. All expert discovery shall be completed by July 15, 2011.

    e. Should any unanticipated discovery matters arise the parties shall promptly bring them to the attention of the Court.

      f. Defendant Gabrielse's concurrence in this schedule is subject to the concerns described in paragraph 14, below.

    9. **Motions.** The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The following dispositive motions are contemplated by each party:

      a. Plaintiff anticipates that all dispositive motions will be filed by August 15, 2011 and

      b. Defendants anticipate that all dispositive motions will be filed August 15, 2011.

    10. **Alternative Dispute Resolution.** The parties agree that Early Voluntary Facilitative Mediation ("VFM") is the appropriate method of ADR in this case. However, prior to engaging in VFM, the parties desire any opportunity, sooner rather than later, to engage in a facilitative mediation session with Magistrate Scoville, if acceptable to the Court. Subject to the foregoing, the parties agree that an initial facilitation shall be conducted by February 1, 2011, subject to the availability of the facilitator. The parties will mutually agree upon the facilitator, and will submit the name of the facilitator to the Court.

    11. **Length of Trial.** The parties estimate that if this case proceeds to trial, it is anticipated that the trial will last 10 days total, allocated as follows: 5 days for Plaintiff's case; 5 days for Defendants' case.

    12. **Prospects of Settlement.** The status of settlement negotiations is: Prior to filing the lawsuit, Plaintiff's counsel contacted the City of Holland's counsel to determine if there was any interest in pre-lawsuit facilitation. The City of Holland was unable to coordinate a meeting with a necessary party to such a meeting (the insurer for Cunningham Dalman). As such, Defendant Gabrielse was never a party to those discussions. Plaintiff and Defendants are willing to engage in facilitative mediation, as outlined in Paragraph 10.

    13. **Electronic Document Filing System.** Counsel for all parties participate in the Court's electronic filing system and agree to participate in this case.

    14. **Other**:
      a. Plaintiff has now filed an amended complaint pursuant to the Court's Order. Answers are pending.
      b. It is anticipated that a Third-Party Defendant may be added to this case, which may require a 2nd Rule 16 Conference.
      c. *From Defendant Gabrielse*: The allegations in Plaintiff's complaint form the basis for the pending criminal case against Mr. Gabrielse. Mr. Gabrielse has entered into an executory plea bargain that includes a delayed sentencing, scheduled for March 7, 2011. The plea agreement does not become final until that date and is subject to several conditions. Until his final sentencing, the criminal case against him is ongoing, and discovery relating to the incident alleged in the complaint or the criminal case may adversely affect Mr. Gabrielse in the criminal case. Accordingly, Mr. Gabrielse will be advised to invoke his Fifth Amendment right against self-incrimination in response to such discovery prior to March 7, 2011.

5

       Mr. Gabrielse has sought an agreement from the other parties to refrain from seeking discovery from him about the incident or the criminal case until after his sentencing on March 7, 2011.  After that date, he will be willing and able to respond to any such discovery.  If the Plaintiff is unwilling to agree, Mr. Gabrielse plans to file a motion to stay discovery from him until after his sentencing.  A stay of such discovery until March 7, 2011 will result in no prejudice to the Plaintiff, and the stay will not affect discovery as to any other matters.  If the Plaintiff contends that such a stay would interfere with its ability to complete fact discovery by June 15, 2011, the Defendants would have no objection to extending discovery to accommodate the requested stay.  Indeed, it is Plaintiff who has requested that discovery be completed by June 15, 2011.

Dated: November 23, 2010            Bolhouse VanderHulst Risko Baar & Lefere


                                                                     By: /s/ Joel W. Baar
                                                                             Joel W. Baar (P56796)

                                                         Grandville State Bank Building
                                                         3996 Chicago Drive SW
                                                         Grandville MI 49418
                                                         Phone: (616) 531-7711
                                                         Co-Counsel for Plaintiff
                                                         Joelb@bolhouselaw.com

Dated: November 23, 2010            Smietanka, Buckleitner, Steffes & Gezon


                                                          By: /s/ John A. Smietanka
                                                                   John A. Smietanka (P20610)

                                                         4250 Chicago Drive SW, Suite B
                                                         Grandville, MI 49418
                                                         (616) 667-2217
                                                         Co-Counsel for Plaintiff
                                                         jas@smietankalaw.com

Dated: November 23, 2010            Myers, Nelson, Dillon & Shierk, PLLC


                                                          By: /s/ Michael P. Farrell
                                                                   Michael P. Farrell (P57321)

                                                         125 Ottawa NW, Suite 270
                                                         Grand Rapids, MI 49506
                                                         (616) 233-9640
                                                         Attorneys for Carl J. Gabrielse

Dated: <u>November 23, 2010</u>  McGraw Morris P.C.


By: /s/ G. Gus Morris_____
      G. Gus Morris (P322960)

2075 W. Big Beaver Road, Suite 750
Troy, MI 48084
(248) 502-4000

Attorneys for City of Holland