UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH THURMAN,

                    Plaintiff,

v.

CARL J. GABRIELSE ,

                    Defendant.

_____/

Case No. 1:10cv895

HON. ROBERT J. JONKER

## AMENDED CASE MANAGEMENT ORDER

### IT IS HEREBY ORDERED:

| | |
|---|---|
| Trial Date and Time<br><br>Place:     699 Ford Federal Building, 110 Michigan, NW<br>               Grand Rapids, MI 49503<br>Before:   Judge Robert J. Jonker | JANUARY 17, 2012<br>8:30 a.m. |
| Jury or Non Jury | Jury |
| Disclose Name, Address, Area of Expertise and<br>a short summary of expected testimony<br>of Expert Witnesses (Rule 26(a)(2)(A)<br>             Party with the Burden of Proof<br>(including any report defendant may use on state of mind issues):<br>                   Responsive Party:<br>          Completion of Expert Depositions: | <br><br><br>AUGUST 15, 2011<br>AUGUST 31, 2011<br>SEPTEMBER 30, 2011 |
| Disclosure of Expert Reports<br>(Rule 26(a)(2)(B))<br>             Party with the Burden of Proof:<br>(including any report defendant may use on state of mind issues):<br>                   Responsive Party: | <br><br>AUGUST 15, 2011<br>AUGUST 31, 2011 |
| Completion of Discovery | AUGUST 31, 2011 |
| Dispositive Motions | SEPTEMBER 15, 2011 |
| Settlement Conference :           Date:<br>                             Time:<br>                         Before: | DECEMBER 13, 2011<br>2:00 p.m.<br>Hon. Hugh W. Brenneman, Jr. |

| Final Pretrial Conference | Date: | JANUARY 4, 2012 |
| Before Judge Robert J. Jonker | Time: | 4:00 p.m. |
| **Note Preparation Details within this Order** | | |

1.  <u>TRIAL DATE AND SETTING</u>:  This case is scheduled for trial before the Honorable Robert J. Jonker, 699 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan, as set forth above.

4.  <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions, **except experts**,  must be completed before the close of discovery. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5.  <u>MOTIONS</u>:

   a.   Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They will be referred to Magistrate Judge Hugh W. Brenneman, Jr. in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   b.   Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.   The case manager will notify counsel of the date for oral argument.

   c.   The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6.  <u>SETTLEMENT CONFERENCE</u>:  The parties are under an ongoing obligation to engage in good faith settlement negotiations.  A settlement conference has been scheduled at the date and time set forth above.  Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference.  Counsel attending the settlement conference must be accompanied by a representative of the party with full settlement authority, unless excused upon a showing of good cause.  Any party may request the magistrate judge to conduct an earlier settlement conference.

   Three business days before the conference, each attorney shall submit a confidential letter concerning settlement.  A copy need not be provided to any other party.  All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth:  (a)  the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other

person; (b) a very brief explanation of the nature of the case, particularly identifying any impediments to settlement; (c) a history of settlement negotiations to date, including all offers, demands and responses; (d) the policy limits of any relevant insurance coverage; (e) that party's suggestions concerning the most productive approach to settlement; (f) any other matter that counsel believes will improve the chances of settlement.

All settlement letters shall be delivered or mailed directly to the judge conducting the conference. They shall not be directed to the office of the Clerk of the Court.

8.  FINAL PRETRIAL CONFERENCE:  A final pretrial conference is scheduled at the date and time set forth above.

9.  PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **three (3) business days** prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:
>
> (List the counsel who will attend the pretrial conference.)
>
> 1.  Exhibits:  The following exhibits will be offered by the plaintiff and the defendant:
>
> (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number.  Plaintiff shall use numbers; defendant shall use letters.  Indicate with respect to each exhibit whether and for what reason its admissibility is challenged.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)
>
> 2.  Uncontroverted Facts:  The parties have agreed that the following may be accepted as established facts:
>
> (State in detail all uncontroverted facts.)
>
> 3.  Controverted Facts and Unresolved Issues:   The factual issues remaining to be determined and issues of law for the Court's determination are:
>
> (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)
>
> 4.  Witnesses:

-3-

    a.       Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

            (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b.       Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

            (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

            It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5.      <u>Depositions and Other Discovery Documents</u>:

    All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

    (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6.      <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7.      <u>Prospects of Settlement</u>: The status of settlement negotiations is:

    (Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused by the court in advance upon a showing of good cause, the attorney who is to conduct the trial shall attend the final pretrial conference and shall be accompanied by the individual parties or representative of the party (other than the attorney himself or herself) with full settlement authority.

Three (3) business days prior to the final pretrial conference, exhibit books shall be submitted to the Court. Exhibits shall be clearly identified. Counsel for the parties shall provide three (3) sets of notebooks with the exhibits to the Court. The exhibits should be divided and tabbed with the exhibit numbers. A list of the exhibits (Attachment, Exhibit 1) should be located in the front of the notebooks. One set of notebooks is for the Court, one set is for the deputy clerk in the courtroom, one set is for the use of the witnesses. When bringing a document to the attention of the Court and witnesses, counsel asking the questions should refer to the notebook volume and exhibit number.

Counsel shall arrange to have all documentary exhibits digitized for projection on the large screen in the courtroom. Counsel are responsible for projection of the exhibits using their own computers and software compatible with the Court's electronic system. Scheduling and questions concerning the use of electronic projection is accomplished by sending an e-mail to courttech@miwd.uscourts.gov, or by calling (616) 732-2757. Information concerning the features of the electronic evidence projection in the courtroom is available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link).

11. <u>PREPARATION FOR TRIAL</u>:

    A. Each party shall file the following not later than **three business days** prior to the commencement of the **final pretrial conference:**

        i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

        ii. Trial briefs.

    B. The parties shall <u>jointly</u> file the following not later than **three business days** prior to the **final pretrial conference:**

        i. Proposed jury instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy

of these instructions is available on the Court's website (www.miwd.uscourts.gov).[1] The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. Standard instructions may be submitted by number. Other non-standard instructions shall be submitted in full text, one per page, and include reference to the source of each requested instruction. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.

The parties are required to submit a copy of the joint statement of case and statement of the elements, joint proposed jury instructions, and joint proposed verdict form(s) compatible with IBM computer/Corel WP 9.0 by e-mail to Judge Jonker's Judicial Assistant, Yvonne Carpenter at Yvonne_Carpenter@miwd.uscourts.gov.

    ii.    A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

Dated:    July 18, 2011        /s/ Robert J. Jonker
                      ROBERT J. JONKER
                      UNITED STATES DISTRICT JUDGE

---

[1] The instructions are located within the Electronic Filing section, and you will need to use your E-Filing Login and Password to access them. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

ATTACHMENT - EXHIBIT 1

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |